## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**AHMON J. FABRE**                                                    **CIVIL ACTION**

**VERSUS**                                                            **NO. 14-2220**

**CHRISTOPHER YOLI, et al.**                                          **SECTION "G"(2)**

## SUPPLEMENTAL ORDER AND REASONS

Plaintiff, a state prisoner in St. Tammany Parish Jail, filed a complaint pursuant to 42 U.S.C.

§ 1983 against St. Tammany Parish Jail Warden Gregory Longino ("Longino"), Corporal

Christopher Yoli ("Yoli"), Lieutenant Scotty Payne ("Payne"), Major Phillip Casnave of the St.

Tammany Parish Sheriff's Office Internal Affairs Department ("Casnave") and the St. Tammany

Parish Sheriff's Office (collectively "Defendants"), alleging that his constitutional rights were

violated by false arrest, excessive force, failure to protect from harm, verbal harassment, an

inadequate jail grievance procedure and disciplinary placement in solitary confinement.[1] Plaintiff

also asserted several state law claims.[2]  This case was referred to the Magistrate Judge, who issued

a Report and Recommendation on November 17, 2014, recommending that this Court dismiss

Plaintiff's federal law claims with prejudice and dismiss his state law claims without prejudice.[3]

Plaintiff objected to the Magistrate Judge's Report and Recommendation.[4]

On August 19, 2015, this Court issued an Order overruling Plaintiff's objections in part and

---

[1] Rec. Doc. 1.

[2] *Id.* at 1–2.

[3] Rec. Doc. 13.

[4] Rec. Doc. 16.

adopting the Report and Recommendation in part.[5] The Court dismissed Plaintiff's verbal abuse and harassment, solitary confinement and ineffective grievance procedure claims.[6]

The Court deferred ruling, however, on Plaintiff's excessive force, protection from harm, and false arrest claims.[7] The Court noted that Plaintiff was charged with battery of a correctional facility employee and resisting an officer in connection with the incident from which his claims arose.[8] The Magistrate Judge recommended that the Court dismiss these claims as barred by the *Heck* doctrine.[9] The *Heck* doctrine provides that a civil action for alleged civil rights violations that attacks the validity of state criminal conviction or confinement, which have not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section1983.[10] The Court noted that the Fifth Circuit has held that a district court should stay proceedings in a Section 1983 case where the criminal charges remain pending.[11] Here, it was unclear whether the criminal charges were pending. Accordingly, the Court ordered the parties to file supplemental briefing on or before September 4, 2015, regarding the status of the

---

[5] Rec. Doc. 18 at 15.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 2–3.  According to Plaintiff, on September 25, 2013, he was using the phone at the St. Tammany Parish Jail, when a lockdown was announced. Rec. Doc. 1 at 3. Plaintiff asserts that Yoli approached him and "told him to get off the phone in [an] aggressive tone." *Id.* Plaintiff alleges that he complied with Yoli's request, but Yoli continued to verbally abuse him. *Id.* He contends that "a physical altercation ensued." *Id.* Following the altercation, Plaintiff asserts that he was placed in "an isolated area and was not allowed to relieve himself for five hours." *Id.* According to Plaintiff, he suffered injuries to his back and shoulder, and as a result of the incident charges were brought against him for battery of a corrections officer and resisting an officer. *Id.* at 3–4.

[9] Rec. Doc. 13 at 5–8.

[10] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

[11] Rec. Doc. 18 at 10 (citing *Mackey v. Dickson*, 47 F.3d 744, 745 (5th Cir. 1995); *Brown v. Taylor*, 130 F. App'x 613 (5th Cir. 2005).

battery of a correctional facility employee officer and resisting an officer charges. The Court also deferred ruling on whether to exercise supplemental jurisdiction over Plaintiff's state law claims.[12]

## I. Parties' Arguments

On September 24, 2015, Defendants responded to the Court's request for supplemental briefing.[13] Defendants assert that on January 20, 2015, after a bench trial, Plaintiff was found guilty of both the battery of a correctional facility employee and resisting an officer charges.[14] Defendants attached a copy of the minute entry from the proceeding, which was obtained from the St. Tammany Parish Clerk of Court electronic database.[15] Defendants assert that because Plaintiff "was in fact found guilty of crimes arising directly out of the behavior forming the basis for his lawsuit, the *Heck* doctrine unquestionably should apply in this situation."[16]

Plaintiff has not filed any supplemental briefing despite the Court's order directing him to due so on or before September 4, 2015.

## II.   Standard of Review

### A.   *Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend his/her disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations

---

[12] *Id.* at 14.

[13]  Rec. Doc. 20.

[14] *Id.* at 2.

[15] *Id.*; Rec. Doc. 20-1.

[16] Rec. Doc. 20 at 2.

of law.[17] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[18] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[19] However, a district court's review is limited to plain error of parts of the report that are not properly objected to.[20]

## B.   Standard for Frivolousness

A district court has board discretion in determine the frivolous nature of a prisoner's complaint.[21] A complaint is frivolous if it lacks an arguable basis in law or fact.[22] A claim has no arguable bases in law if "it is based on indisputable meritless legal theory."[23] It lacks a basis in facts if "the facts alleged are clearly baseless."[24] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[25]

## III. Law and Analysis

## A.   The Heck Doctrine

The Magistrate Judge recommended that the Court dismiss Plaintiff's claims that Defendants used excessive force, failed to protect Plaintiff from harm and falsely arrested him as barred by the

---

[17] 28 U.S.C. § 636(b)(1)(B).

[18] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[19] Fed. R. Civ. P. 72(b)(3).

[20] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[21] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

4

*Heck* doctrine.[26] Plaintiff objected to this finding.[27] Therefore, this Court considers the issue *de novo.*

In *Heck v. Humphrey*, the Supreme Court held:

> In order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .[28]

Accordingly, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."[29] In *Clarke v. Stalder*, the Fifth Circuit held that "*Heck* applies to [] claims for declaratory and injunctive relief as well as damages under § 1983."[30] Where dismissal of the § 1983 claim is proper under *Heck*, the Fifth Circuit stated the procedure for dismissal in *Johnson v. McElveen*: a plaintiff's "claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."[31]

In *Hudson v Hughes*, the plaintiff was convicted of battery of an officer.[32] The Fifth Circuit noted that "[b]ecause self-defense is a justification defense to the crime of battery of an officer, [the plaintiff's] claim that [the defendant's] used excessive force while apprehending him, if proved,

---

[26] Rec. Doc. 13 at 5–8.

[27] Rec. Doc. 16 at 4–7.

[28] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[29] *Id.*

[30] *Lavergne v. Clause* 591 Fed.Appx. 272 (5th Cir. 2015) (citing *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en blanc)).

[31] *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[32] 98 F.3d 868, 873 (5th Cir. 1996).

necessarily would imply the invalidity of his arrest and conviction for battery of an officer."[33]

Here, Plaintiff has been convicted of battery of a correctional facility employee and resisting an officer. He claims that during the incident giving rise to these charges Defendants used excessive force, failed to protect him from harm and falsely arrested him. Plaintiff's claims, if proven, would imply the invalidity of his arrest and conviction for battery of a correctional facility employee and resisting an officer. His claims, therefore, fall within the *Heck* bar. Accordingly, on *de novo* review, the court will dismiss Plaintiff's claims with prejudice to their being asserted again until the *Heck* conditions are met.

**B.**     ***State Law Claims***

The Magistrate Judge also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.[34] Plaintiff objected to this recommendation "out of an abundance of caution."[35] Accordingly, the Court will consider this issue *de novo*.

28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." In deciding whether to exercise supplemental jurisdiction the Court must balance the relevant factors of "judicial economy, convenience, fairness and comity."[36] Here, the Court finds that these factors weigh in favor of declining to exercise supplemental jurisdiction. No federal claims remain in this case, and the state law claims have not been addressed by this Court. Accordingly, on *de novo* review, the

---

[33] *Id.*

[34] Rec. Doc. 13 at 14–15.

[35] Rec. Doc. 16 at 10.

[36] *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350–51 (1988).

Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss these claims without prejudice.[37]

### IV.  Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's claims that Defendants used excessive force, failed to protect him from harm and falsely arrested him are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.[38]

**IT IS FURTHER ORDERED** that the Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __30th__ day of September, 2015.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[37] *See Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 334 n.6 (5th Cir. 2002) ("[U]nadjudicated pendant state law claims must be dismissed without prejudice to allow the plaintiff to refile in state court when a district court dismisses the federal claims serving as the basis for its jurisdiction and elects not to exercise supplemental jurisdiction over the state law claims.").

[38] *See Johnson*, 101 F.3d at 424 ("Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."); *see also Clarke*, 154 F.3d at 190-91 (*Heck* applies to claims for declaratory and injunctive relief).

7